THE PEOPLE OF THE STATE OF NEW YORK ex rel. ALPHA. PORTLAND CEMENT COMPANY, Respondent, *v.* WALTER H. KNAPP et al., Constituting the TAX COMMISSION OF THE STATE OF NEW YORK, Appellants.

(Submitted March 14, 1921; decided March 22, 1921.)

MOTION for re-argument. (See 230 N. Y. 48.)

*C. T. Dawes* for motion.

*Louis H. Porter* opposed.

*Per Curiam.* We find no conflict between our ruling in this case (230 N. Y. 48, decided Nov. 23, 1920) and that of the Supreme Court of the United States in *Underwood Typewriter Co.* v. *Chamberlain* (254 U. S. 113).

The latter case gives fresh support to the view that the tax is not saved by calling it a tax upon the franchise rather than one upon the income. The court dismissed as irrelevant the label of the statute.

The point decided was merely this: that a corporation is not aggrieved by an apportionment of the value of the business in accordance with the situs of the tangible assets and no others where the record makes it plain that if other elements of value were included, the complaining corporation would bear an equal burden.

The state of Connecticut laid a tax upon the franchise of foreign corporations to be measured by net income. The value of the business in and out of the state was to be apportioned in accordance with the value and the situs of the tangible property of the taxpayer to the exclusion of other assets. The complaining corporation had 47 per cent of its tangible assets in Connecticut. It failed to show that an equal proportion of earnings from other assets did not have the same situs. It asked the court to presume that the place where income was collected was also the place where such income had been earned. "For aught that appears the percentage of net profits earned in Connecticut may have been much larger than 47 per cent." The decision does not suggest that apportionment according to tangible assets is to be upheld where there is evidence that the burden will be reduced if other assets are included. The decision is to the effect that the tax must be sustained where such evidence is lacking. "We have no occasion to consider," said the Supreme Court, "whether the rule prescribed, if applied under different conditions, might be obnoxious to the Constitution."

The motion should be denied, with ten dollars costs and necessary printing disbursements.

HISCOCK, Ch. J., CHASE, CARDOZO, POUND, CRANE and ANDREWS, JJ., concur.

Motion denied.